UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO HEGWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-00241-MTS |
| ) | |
| INTERNATIONAL PAPER COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Be Excused from Mediation. Doc. [49]. Defendant filed the instant Motion a mere four days before the deadline by which the parties must complete mediation, *see* Doc. [45], and a mere two days before the parties' mediation is scheduled to occur, *see* Doc. [47]. Defendant's Motion inexplicably failed to indicate Plaintiff's position on the Motion. In fact, it did not even say whether Defendant bothered to inquire with Plaintiff before filing the Motion with the Court.[1] Informing the Court of the opposing party's position is especially important when, as here, the Motion necessarily calls for an expedited ruling. *See* E.D. Mo. L.R. 4.01(B) (providing a litigant fourteen days to oppose a motion). But here, Plaintiff's position on the matter is not simply important—it is decisive.

The Local Rules plainly provide that the parties "may jointly move the Court for an order vacating the ADR referral" if they "agree that the referral to ADR has no

---

[1] Plaintiff filed an opposition to the Motion. His opposition confirms that the parties had "no discussion" about the issue prior to the filing of Defendant's Motion. Doc. [51].

reasonable chance of being productive." *Id.* at 6.02(B). Mediation is not futile simply because one side thinks the parties will be unable to reach an agreement. In litigation, one side or the other frequently feels that the parties will be unable to reach an agreement; that is not, on its own, a justification to forego alternative dispute resolution.

The sole case Defendant cited in its Motion offers no support whatsoever for its position. *See Cento v. Allstate Prop. & Cas. Ins. Co.*, 4:12-cv-00085-CAS, 2014 WL 4641155, at *13 (E.D. Mo. Sept. 16, 2014). There, Judge Shaw noted that the previous judge to whom the case had been assigned granted the parties' motion to be excused from mediation. *Id.* But there, the parties *agreed* that mediation would not be meaningful or efficient and *agreed* that the dispute should not be mediated. *Id.*; *see also id.* at ECF No. 41. Even still, in that very same memorandum and order Defendant cited, Judge Shaw went on to order the parties to mediation because his ruling "narrowed the remaining issues in this case." *Id.*, 2014 WL 4641155, at *13. Nevertheless, those parties later informed the court that they still believed mediation would be futile due to "insurmountable disagreement." *Id.* at ECF No. 102. Judge Shaw denied the unopposed motion and required mediation. *Id.* at ECF No. 104. He reminded the parties of the "obligation" that they attend the mediation "and participate in good faith," and "that the Court may impose sanctions for any willful or negligent failure of a party to participate in good faith in the ADR process." *Id.*; *accord* E.D. Mo. L.R. 6.02(C)(1)(a), 6.05(A). Thus, the sole case Defendant cited is of no support to it.[2]

---

[2] Though the Court will deny the instant Motion, it would entertain a motion for extension of time. *See* Doc. [51] (noting Plaintiff did not oppose rescheduling mediation). Any such motion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Be Excused from Mediation, Doc. [49], is **DENIED**.

Dated this 25th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

should be filed jointly or note the other side's position on the motion given the impending deadline. The motion, of course, would need to establish good cause. *See* Fed. R. Civ. P. 6(b)(1). Showing good cause may be difficult here since the parties already should have significantly prepared for ADR. Their deadline to have disclosed the participants and their manner of attendance has passed, E.D. Mo. L.R. 6.02(C)(1)(b), and they by now should have provided the neutral with the required memorandum, *id.* at 6.02(C)(3). A request for an extension might be better addressed to the selected neutral. *See id.* at 6.02(A)(2) (providing that the neutral "may elect to extend the deadline for a period not to exceed fourteen (14) additional days by filing an Alternative Dispute Resolution Compliance Report indicating the neutral's election and the length of the extension").